## In re DIEHL'S WILL.

(Surrogate's Court, New York County. May 5, 1908.)

1. WILLS—PROBATE OF WILL—FORMAL PROOF—DEFECT.

Where there is a fatal defect on the face of a will, the surrogate may reject it at once, without taking formal proof.

2. SAME—EXECUTION—SIGNATURE.

The first page of a will contained certain printed matter, a written paragraph, the signature, attestation clause, and the names of the subscribing witnesses. The second page was blank, but the third was fully written; the writing continuing for half of the fourth page and ending abruptly, without any signature subscribed. *Held*, that the will was fatally defective, because not subscribed at the end thereof, as required by statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 267–275.]

Application for the probate of the will of Martha M. Diehl, deceased, to which a special guardian filed objections. Sustained.

H. C. Kudlich, for Robert Schmitt.

John Conville, for Martha Meyer.

Hiram M. Kirk, special guardian.

BECKETT, S. It was held in the case of Hewitt v. Hewitt, 5 Red. Sur. 271, that where there is a fatal defect in a will, which appears clearly upon its face, which cannot be cured by averment or proof, the surrogate is not required to enter upon formal proof of the in-

strument, but may reject it at once. The paper here propounded appears to have been written upon a printed blank, being "John Polhemus' Printing Company Blank No. 935, A Will." Upon the first page thereof there is certain printed matter, and a paragraph in writing, and the signature "Martha M. Diehl," following which there is an attestation clause and what purports to be the signatures of Moritz J. Schwartze and Mrs. Annie Schwartze as subscribing witnesses. The second page of the paper is entirely blank, but the third page is fully written, and sets forth a part of paragraph second (the first part thereof being on the first page), all of paragraphs third, fourth, fifth, sixth, and a part of paragraph seventh. Upon the fourth page the body writing continues for half a page, ending abruptly, without any signature subscribed. The body writing throughout the entire instrument appears to be in the same hand. Our statute requires that a will must be subscribed at the end. This paper does not comply with the requirements of the statute, and so appears from the face thereof, and I will reject it. Matter of Andrews, 162 N. Y. 1, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294.

Special guardian's objections sustained. Submit decree and decision on notice.